in that provision void, and in all other respects affirmed, with costs out of the estate to the appellant Bernardus E. Staats, and as to all the other parties the appeals should be dismissed and the decree affirmed, without costs to either party as against the other.

HERRICK and PUTNAM, JJ., concurred.

Decree reversed, so far as it declares the bequest in the second clause of the will void, in all other respects affirmed, with costs to be paid by the estate to the appellant Bernardus E. Staats, as to all other parties the appeals dismissed and decree affirmed, without costs.

---

JOSEPH M. WARREN and Another, as Trustees, etc., Respondents, *v.* THE BIGELOW BLUE STONE COMPANY and Others, Respondents. In the Matter of the Application of HELEN M. KELLOGG, a Stockholder, for Leave to Intervene, etc., Appellant.

*Corporation — defense of want of authority and defective execution of a mortgage — stockholder concluded by his laches.*

A stockholder of a corporation cannot be permitted to set up as a defense to an action to foreclose a mortgage given by the corporation to trustees to secure an issue of bonds, that such mortgage was not properly executed nor authorized, where interest has been regularly paid upon such bonds to her knowledge for twelve years during which time she has been a stockholder of the corporation.

APPEAL by the petitioner, Helen M. Kellogg, from an order of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 5th day of June, 1893, denying the motion of the petitioner to be allowed to intervene as a party defendant and setting aside the stay of proceedings heretofore granted in this action.

The opinion of the Special Term was as follows:

"BROWN, J.:

."The petitioner on this motion is the owner of shares of stock in the defendant corporation, of which she became the owner in February, 1880. She received them from the estate of her father, Luther Laflin, who was a stockholder at the date of the execution of the mortgage in suit.

"Interest was paid regularly on the bonds until 1892, and annual statements, showing that mortgage bonds to the amount of $100,000 were among the liabilities of the company, were forwarded to the stockholders.

"It is not claimed that Mrs. Kellogg or her father did not know of the execution and existence of the mortgage, and it appears uncontradicted that some of the bonds were offered to her father at the time of their issue, but he declined to purchase them.

"Under these circumstances, the petitioner cannot be permitted to plead as a defense to an action to foreclose the mortgage that it was not properly executed, or that it was not authorized by the owners of two-thirds of the capital stock.

"Acquiescence after such lapse of time will be presumed. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159; *Skinner* v. *Smith*, 134 id. 240.)

"The claim that thirty-two thousand dollars of the bonds have been paid by the company does not rest upon the assertion of any fact. It is fully met in the affidavit of Mr. Caswell, and the transaction explained, and it affirmatively appears that none of the bonds were paid by the company.

"The defense of usury cannot be pleaded to the mortgage in suit.

"The petition does not make out a *prima facie* case, and if all the facts set forth in the moving papers were before the trial court, the plaintiffs would be entitled to a decree directing a sale of the mortgaged property.

"The motion must be denied."

This is an action to foreclose a mortgage given to secure a series of bonds issued by the defendant.

Pending the action, Helen M. Kellogg, a stockholder of the defendant, petitions to intervene and to be made a defendant, and permitted to interpose an answer. The court at Special Term denied her application, and from that order she appeals.

*L. Laflin Kellogg*, for Helen M. Kellogg, petitioner, appellant.

*Henry A. King*, for Bigelow Blue Stone Company and others, respondents.

*A. R. Dyett,* for Importers and Traders' Bank, respondent.

*A. T. Clearwater,* for plaintiffs, respondents.

MAYHAM, P. J.:

We think this order should be affirmed for the reasons stated by the learned judge at Special Term.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs, with printing and other disbursements.

---

ELLEN SAFFORD, Appellant, *v.* THE VILLAGE OF GREEN ISLAND, Respondent.

*Negligence — municipal corporation — icy sidewalk — personal injury.*

In an action brought to recover from a municipality damages resulting from a personal injury suffered through the plaintiff's having fallen upon an icy sidewalk on which there was a ridge of earth covered with slippery ice, at a time when, by reason of the low temperature the municipality was not responsible for the slippery condition of the sidewalk or for the ice upon the ridge, the plaintiff is properly nonsuited on failing to establish the fact that the accident would not have occurred but for the presence of the ridge.

APPEAL by the plaintiff, Ellen Safford, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 28th day of October, 1892, upon a dismissal of the complaint at the Albany Circuit, and also from the order directing the dismissal of the complaint upon the merits.

The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant, a village, in permitting a ridge of earth and ice, extending across the sidewalk on Hudson avenue in said village, to remain for a long period of time, rendering the walk unsafe and dangerous for travelers, and thus causing the plaintiff while passing over it to fall and sustain serious personal injuries.

The defense was a denial of negligence on the part of the defendant, and an averment of contributory negligence on the part of the plaintiff.